**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0414, <u>State of New Hampshire v. Gregory M. Bruno</u>, the court on December 26, 2018, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Gregory M. Bruno, appeals his twenty-eight convictions. He argues that the Superior Court (<u>Delker</u> and <u>Schulman</u>, JJ.) erred in joining the charges. We affirm.

The record supports the following facts. In May 2015, the defendant was arrested for various crimes against a woman he had dated, including burglarizing and setting fire to her home, torturing her three dogs by burning them to death in the fire, threatening to "burn [her] car and stab her," and posting nude pictures of her on Instagram. He was also charged with other crimes that the State claimed the defendant committed to deflect blame from himself or cast blame on a fictional malefactor bent on harming both the defendant and the victim. Those crimes included: setting fire to a self-storage unit that the defendant rented (a fire that damaged adjoining units and property), lying to the insurance company that covered some of the losses, feeding his own dog razor blades, setting fire to a vehicle with a dog in it (thereby killing the dog), setting a grass fire, setting a wood pile on fire, starting a fire on his own lawn, repeated false reports to law enforcement, and witness tampering. In 2016, while he was incarcerated, he was charged with multiple counts for soliciting fellow inmates to set fires at the same victim's home.

Before trial, the parties engaged in motion practice regarding whether all thirty-five charges should be joined for trial. The defendant moved to sever the charges into seven trials arguing that the charges are not logically and factually connected because they were geographically and temporally distinct, involved different witnesses, involved different modes of operation, and were different types of crimes. The defendant also asserted that joinder was not in the best interests of justice.

The trial court consolidated the charges on the grounds that they are "logically and factually connected in a manner that does not solely demonstrate that the accused has a propensity to engage in criminal conduct." (Quoting <u>N.H. R. Crim. P.</u> 20(a)(1)(C).) The court reasoned that "both the 2015 and 2016 conduct can be viewed as part of a common scheme or plan to (a) terrorize the victim and (b) make the victim believe that a third party is responsible." The

trial court considered whether unfair prejudice would result from joining the cases into a single trial, but concluded that the risk could be dealt with through: expanded jury voir dire, increased peremptory challenges, detailed jury instructions, and vigilance to guard against any propensity-based arguments. The court also observed, "A defendant is not unfairly prejudiced merely because the evidence is harmful to his case as a result of the evidence's tendency to prove his guilt. Rather, evidence is unfairly prejudicial if it causes the jury [to] base [its] verdict on emotion, outrage, resentment, or some other improper basis." (Citation omitted.)

After a fifteen-day jury trial, the trial court dismissed a violation of privacy charge. The jury then convicted the defendant on twenty-eight charges: fourteen charges related to arson, seven counts of false public alarm, two counts of cruelty to animals, two counts of burglary, and one count each of criminal threatening, solicitation of falsifying physical evidence, and solicitation of criminal mischief. The jury found the defendant not guilty of the remaining charges including three counts of cruelty to animals. This appeal followed.

The decision to join multiple charges is a discretionary matter left to the trial court. State v. Brown, 159 N.H. 544, 550 (2009). Thus, we will uphold the trial court's ruling unless the decision constitutes an unsustainable exercise of discretion. Id. To show the trial court's decision is unsustainable, the defendant must demonstrate that the ruling was clearly untenable or unreasonable to the prejudice of the defendant's case. Id.

New Hampshire Rule of Criminal Procedure 20 governs the joinder of criminal offenses and distinguishes between charges that are related and unrelated. The rule defines three categories of related offenses:

Two or more offenses are related if they:

(A) Are alleged to have occurred during a single criminal episode; or

(B) Constitute parts of a common scheme or plan; or

(C) Are alleged to have occurred during separate criminal episodes, but nonetheless, are logically and factually connected in a manner that does not solely demonstrate that the accused has a propensity to engage in criminal conduct.

N.H. R. Crim. P. 20(a)(1). When a party moves to join related charges, the trial court must join them unless it determines that "joinder is not in the best interests of justice." N.H. R. Crim. P. 20(a)(2).

2

The defendant argues that the trial court's decision to join the charges was an unsustainable exercise of discretion. Specifically, he asserts:

> The thirty-five charges were not all "related" within the meaning of Criminal Procedure Rule 20. Neither the factor permitting consolidation upon the finding of a logical and factual connection, Rule 20(a)(1)(C), nor the factor permitting joinder upon the finding of a common scheme or plan, Rule 20(a)(1)(B), applied. Because the charges were not all related in that sense, [the defendant] had a right to severance of unrelated charges. In the alternative, even if all thirty-five charges were related, the court erred in joining them, because joinder was not in the best interests of justice.

We are not persuaded.

In Brown, we held that whether offenses that occur during separate criminal episodes are "logically and factually connected in a manner that does not solely demonstrate that the accused has a propensity to engage in criminal conduct is largely determined by the close relationship among the offenses with respect to both the underlying charged conduct and the evidence to be used to prove the charges." Brown, 159 N.H. at 551 (quotation omitted). We then set forth the following factors to "aid in discerning whether charges arising from separate criminal episodes are related":

> (1) the temporal and spatial relationship among the underlying charged acts; (2) the commonality of the victim(s) and/or participant(s) for the charged offenses; (3) the similarity in the defendant's mode of operation; (4) the duplication of law regarding the crimes charged; and (5) the duplication of witnesses, testimony and other evidence related to the offenses.

Id. at 551-52. No single factor is dispositive on the question of relatedness. Id. at 552. Joinder of charges into a single trial may benefit a defendant because it "may result in a faster disposition of all cases, may increase the possibility of concurrent sentences in the event of conviction, and may prevent the application of enhanced sentencing statutes." Id. (quotation omitted). Joint trial of related charges also "enables the state to avoid the duplication of evidence required by separate trials, to reduce the inconvenience to victims and witnesses, to minimize the time required to dispose of the offenses, and to achieve a variety of other economies in connection with prosecutorial and judicial resources." Id. (quotation omitted).

The defendant argues the charges should not have been joined in a single trial because: they cover a two-year period of time; do not all involve common participants; and involve different locations, modes of criminal

3

operation, laws, and witnesses. The defendant also asserts that the trial court erred in defining "at least two separate schemes or plans as one two-part scheme or plan." He asserts:

> One scheme involves [the defendant's] alleged efforts to win [the victim's] sympathy and attention and re-engage her in their relationship by portraying himself and herself as victims of some third-party malefactor. Linked with that scheme are crimes done to terrorize [the victim] and punish her for withdrawing from the relationship. A second scheme involves crimes committed in an effort to conceal [his] involvement in the prior crimes.

The State argues that the trial court sustainably exercised its discretion because "[t]he charged offenses comprised a common scheme [or] plan by the defendant to pose as an anonymous malefactor and begin a reign of terror against [the victim] while also targeting himself, his family, and others in this reign of terror to deflect any suspicion." The State further asserts that "[t]his motive and similar mode of operation across all of the offense[s] makes the charged offenses logically and factually related because they were temporally and geographically related, involved the same perpetrator and victim, involved a similar mode of operation, would create duplicative litigation and legal issues if severed, and involved many of the same witnesses and evidence." The State contends that "joining the charges was in the best interests of justice because much of the evidence from any one trial would be necessary and admissible in the remaining trials to prove such things as motive and identity." We agree with the State.

Here, although the defendant's criminal activity may have taken place over a longer period of time and involved more victims and types of crimes than may commonly be involved in a single trial, the trial court sustainably exercised its discretion in concluding that joinder was appropriate because the charges were related. As we have previously observed, the factors serve as guidelines that must be sensibly applied in accord with the purposes of joinder, namely that "the government should not be put to the task of proving what is essentially the same set of facts more than once and that the defendant should be spared the task of defending more than once against what are essentially the same, or at least connected, charges." Id. (quotations omitted). Here, as the trial court observed, the charges involved many of the same witnesses, testimony, and other evidence. That conclusion is supported by the record. In addition, as the trial court observed, when the charges are joined into a single trial, the defendant may benefit because if he is able to raise reasonable doubt as to his responsibility for one of the charges, "that doubt might undermine the strength of the State's case as to all of the other charges." Therefore, we hold that the trial court's conclusion that the charges were related was a sustainable exercise of discretion. See N.H. R. Crim. P. 20(a)(1)(C); Brown, 159 N.H. at 550.

Nor do we agree with the defendant's alternative argument that "even if the offenses were 'related' within the sense of Criminal Procedure Rule 20(a)(1), the court should have still separated the charges into groups for trial, in the interests of justice." See N.H. R. Crim. P. 20(a)(2). The "best interests of justice" standard means that:

> charges should be tried separately whenever it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence, which includes evaluating whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently to each offense.

Brown, 159 N.H. at 555 (quotations omitted). The trial court explicitly considered the risk of unfair prejudice that could result from joinder, but concluded that "the risk that the jury may indulge in a propensity-based inference . . . may be dealt with by juror voir dire and jury instructions" as well as increased peremptory challenges and vigilance to guard against any propensity-based arguments.

The defendant has not demonstrated that this ruling was "clearly untenable or unreasonable to the prejudice of [his] case." Id. at 550 (quotation omitted). The fact that the jury found the defendant not guilty on several charges, including three charges of animal cruelty, the very charges the defendant argued risked "inflaming the emotions of the jury," demonstrates its ability to distinguish the evidence and apply the law intelligently to each offense. Therefore, we conclude that the trial court sustainably exercised its discretion and affirm its decision to join the charges in a single trial.

Other issues that the defendant raised in his notice of appeal, but did not brief, are deemed waived. See Halifax-American Energy Co. v. Provider Power, LLC, 170 N.H. 569, 575 (2018).

Affirmed.

LYNN, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,
Clerk**
